## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

DANIELLE MELLANIE CHANDLER,    )
          )
        Plaintiff,    )
          )
v.          )      Case No. 15-CV-0690-CVE-PJC
          )
NANCY A. BERRYHILL[1],    )
Acting Commissioner of    )
Social Security,    )
          )
        Defendant.    )

## OPINION AND ORDER

Now before the Court is the report and recommendation (Dkt. # 18) of Magistrate Judge Paul J. Cleary recommending that the Court affirm the decision of the Commissioner of Social Security denying plaintiff's claim for disability benefits. Plaintiff has filed an objection to the report and recommendation and asks the Court to remand the case for further administrative proceedings. Dkt. # 19.

## I.

On October 8, 2012, plaintiff protectively filed an application for Title II disability benefits, alleging disability beginning May 28, 2011. Dkt. # 10, at 75. Plaintiff's claim was initially denied on February 11, 2013, and upon reconsideration on May 2, 2013. Id. at 22. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), and that hearing was held on November 26, 2013. Id. at 36.

---

[1]    Carolyn W. Colvin is no longer the Acting Commissioner of the Social Security Administration, and Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Under Federal Rule of Civil Procedure 25(d), Berryhill is automatically substituted as the defendant and the parties do not need to file a motion to substitute the party defendant.

Plaintiff appeared at the hearing and was represented by an attorney. Id. Plaintiff was 35 years old, five feet six inches tall, and 250 pounds at the time of hearing, and she testified that she lived in a one-story home with her husband and two children (ages 5 and 12). Id. at 42-43. Plaintiff testified that her brother-in-law recently moved in with her family to help her husband take care of plaintiff. Id. at 44. Plaintiff last worked in 2011. Id. She dropped out of high school after tenth grade, but later received her GED. Id. Before the date of her alleged disability onset, plaintiff had jobs in customer service and telemarketing. Id. at 45-46. Plaintiff testified that she could not work because she had chronic pain syndrome in her legs and back, trouble concentrating, depression, anxiety, and hypothyroidism. Id. at 48-50. Plaintiff stated that she could  not squat and get back up, walk up a large flight of stairs, or lift more than a gallon of milk. Id. at 53-54. Plaintiff testified that she could not sit longer than 30-45 minutes, stand longer than 15 minutes, or walk a block. Id. at 54. Plaintiff testified that she stopped driving a few years ago because the condition in her legs and the amount of medication she takes made driving unsafe. Id. at 55, 62. Plaintiff testified that she does the dishes and helps with cooking, but does not dust, sweep, mop, vacuum, make her bed, or do laundry. Id. at 57-58. Plaintiff stated that her husband does all the major grocery shopping. Id. at 58. Plaintiff testified that she has to spend about 50 percent of her day lying down or reclining due to pain. Id. at 63. Overall, plaintiff rated her pain as a 7 or 8 out of 10 depending on the day. Id. at 61.

On April 11, 2014, the ALJ issued a written decision finding that plaintiff was not disabled. Id. at 22. The ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date and that she had the following severe impairments: degenerative disc disease of the spine, thyroid disorder, depression, anxiety, leg and hip pain, and ear impairment. Id. at 24. The ALJ stated that plaintiff "also suffers from obesity; however, a review of the record does not reveal

that [plaintiff's] obesity would have more than a minimal limitation on [her] ability to perform basic work activities and is therefore considered a nonsevere impairment." Id. The ALJ further found that plaintiff did not have an impairment or combination of impairments that was equivalent to one of those listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. Id. at 25. The ALJ then formulated plaintiff's residual functional capacity (RFC), taking into account the medical evidence and testimony. Id. at 26. He found that plaintiff had the RFC to:

> lift and/or carry 10 pounds, stand and/or walk 4 hours out of an 9-hour workday and sit for about 6 hours out of an 8-hour workday. She could occasionally climb, bend, stoop, squat, kneel, crouch and crawl, operate foot controls and reach overhead, twist the torso, low noise, routine business and commercial okay, use of the right ear for telephone work, avoid cold work environment and with simple and routine work with slight limitation in contact with the public, coworkers and/or supervisors on a routine basis.

Id. The ALJ also found that plaintiff is afflicted by "mild to moderate chronic pain" that is noticeable at all times but does not prevent plaintiff from remaining attentive and responsive in a work setting, and that plaintiff's medication does not preclude her from working in a position at the sedentary level of exertion. Id.

In formulating plaintiff's RFC, the ALJ considered the credibility of plaintiff's claims regarding her pain and limitations. The ALJ found that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms were "not entirely credible." Id. at 28. The ALJ found that plaintiff's described daily activities were not as limited as would be expected given her complaints. Id. He noted that plaintiff tries to do household chores, dresses her youngest child, takes her children to school, prepares some food, goes to the store for short trips, and, despite some problems, is generally able to care for herself. Id. at 29. The

ALJ also found that plaintiff's descriptions of her symptoms and limitations were "inconsistent and unpersuasive." Id. at 33. After formulating plaintiff's RFC, the ALJ determined that plaintiff could not perform any past relevant work, but that plaintiff could perform other jobs existing in significant numbers in the national economy. Id. at 34.

On October 14, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's decision. Id. at 5. Plaintiff thereafter sought judicial review, arguing that the ALJ erred by failing to find plaintiff's obesity as a severe impairment and to consider the combined effect of obesity of plaintiff's spine and leg impairments. Dkt. # 11, at 6-7. Plaintiff also argued that the ALJ erred in his credibility analysis by making conclusions that were not based on the record, or contrary to the record, and by failing to properly analyze plaintiff's complaints of pain under Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987). The Court referred the case to the magistrate judge, who entered a report and recommendation (Dkt. #18) recommending that the Court affirm the ALJ's decision. Plaintiff objects to the report and recommendation, arguing that the magistrate judge erred by excusing the deficiencies in the ALJ's obesity and credibility findings. Dkt. # 19.

## II.

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part.  Fed. R. Civ. P. 72(b).

### III.

The Social Security Administration has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five-step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." Id. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. See 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." Allen, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. See id. Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy. See id.

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).

The Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if his decision is supported by substantial evidence. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). The court must meticulously examine the record as a whole and consider any evidence that

detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

### A.

Plaintiff argues that the ALJ erred at both steps two and four with regard to plaintiff's obesity. At step two, plaintiff argues the ALJ improperly found her obesity to be nonsevere. Dkt. # 19, at 6. However, "any error here became harmless when the ALJ reached the proper conclusion that [plaintiff] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence." Carpenter v. Astrue, 537 F.3d 1264, 1266 (10th Cir. 2008). At step four, plaintiff argues the ALJ failed to properly consider her obesity in formulating the RFC. Dkt. # 19, at 6. An ALJ must "consider the effects of obesity when assessing RFC, including the fact that 'the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately.'" DeWitt v. Astrue, 381 F. App'x 782, 785 (10th Cir. 2010)[2] (quoting Titles II && XVI: Evaluation of Obesity, SSR 02-1p, 2000 WL 628049, at *1 (Sept. 12, 2002)). The ALJ must evaluate each case individually rather than make assumptions about the general effects of obesity. Id.

Plaintiff's obesity is documented in her medical records and her height and weight were mentioned at the hearing. See Dkt. # 10, at 43, 237. The ALJ found, with no explanation, that the record indicated plaintiff's obesity would have no more than a "minimal limitation" on plaintiff's ability to work. Id. at 24. During the RFC formulation at step four, the ALJ does not mention plaintiff's obesity. However, the Tenth Circuit has held that an ALJ's failure to properly consider

---

[2]      This and all other unpublished opinions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

obesity is harmless error where a plaintiff fails to identify evidence in the medical record or hearing testimony showing that her obesity exacerbated her other impairments. See Howard v. Barnhart, 379 F.3d 945, 948 (10th Cir. 2004); see also Razo v. Colvin, No. 15-1495, 2016 WL 6134809, at *4 (10th Cir. Oct. 21, 2016); Rose v. Colvin, 634 F. App'x 632, 637 (10th Cir. 2015); Callicoatt v. Astrue, 296 F. App'x 700, 702 (10th Cir. 2008). Plaintiff has not pointed to any evidence that her obesity exacerbated her other impairments. Instead, plaintiff argues that the RFC analysis of state agency physician, Katherine Scheirman, M.D., shows that obesity exacerbated her other impairments. Dkt. # 19, at 9. Dr. Scheirman found that plaintiff's RFC was limited by degenerative disc disease and further limited by obesity. Dkt. # 10, at 81. However, Dr. Scheirman's RFC findings were less restrictive than those of the ALJ. Id. at 80. Dr. Scheirman concluded that plaintiff could perform light exertion work, including her former jobs in customer service and telemarketing. Id. at 82. The ALJ found that plaintiff could not perform her former jobs and was limited to sedentary exertion work with additional nonexertional limitations. Id. at 34. Thus, no matter what restrictions Dr. Scheirman believed were a result of plaintiff's obesity, she clearly did not think they restricted plaintiff more than the RFC the ALJ formulated. Because plaintiff has pointed to no evidence in the medical record or testimony that her obesity exacerbated her other impairments beyond the RFC formulated by the ALJ, any error the ALJ committed by failing to consider plaintiff's obesity was harmless.

**B.**

Plaintiff also argues that the ALJ erred in his analysis of plaintiff's credibility by contradicting the record and failing to properly consider plaintiff's complaints of pain. Dkt. # 19,

at 12-19. The Tenth Circuit has provided a three-step process for addressing a claimant's subjective allegations of pain.

> The framework for the proper analysis of Claimant's evidence of pain is set out in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987). We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (quoting Musgrave v. Sullivan, 966 F.2d. 1371, 1375-76 (10th Cir. 1992)). Here, the ALJ found that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." Dkt. # 10, at 28. Thus, the ALJ was required to consider plaintiff's assertions of pain and decide whether he believed them. See Thompson, 987 F.2d at 1489. "Credibility determinations are peculiarly the province of the finder of fact, and [the Court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Newbold v. Colvin, 718 F.3d 1257, 1267 (10th Cir. 2013) (quoting Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005)). When considering the credibility of pain testimony, the ALJ should consider such factors as:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Hargis v. Sullivan, 945 F.2d 1482, 1489 (10th Cir. 1991) (quoting Huston v. Bowen, 838 F.2d 1125, 1132 (10th Cir. 1988)). An ALJ is not required to consider every Hargis factor, "but that case sets

out generally the kinds of factors that should ordinarily be considered." Thompson, 987 F.2d at 1490.

The ALJ found plaintiff's complaints to be not entirely reliable because her reported activities were inconsistent with her asserted symptoms and limitations. Dkt. # 10, at 28, 33. The inconsistent activities the ALJ relied upon included washing the dishes, helping with cooking, and driving her children to school. Id. at 28. The ALJ also found that plaintiff's descriptions of her symptoms and limitations were unreliable because they "ha[d] generally been inconsistent and unpersuasive and [plaintiff had] not provided convincing details regarding factors that precipitate the allegedly disabling symptoms." Id. at 33. The only specific inconsistencies the ALJ discussed in his decision were plaintiff's reported household tasks and the fact that plaintiff failed to complain about the side effects of her medications in a March 2013 medical appointment. Id. at 32.

The ALJ's findings regarding plaintiff's credibility are not supported by substantial evidence. Minimal daily activities, such as the sporadic performance of household tasks, do not constitute substantial evidence that a person does not suffer disabling pain. Thompson, 987 F.2d at 1490. Plaintiff described herself as "trying" to do household chores, and explained that when she washes dishes or cooks she does so for up to 10 minutes at a time and then has to rest. Id. at 62, 165. Plaintiff also stated that she stopped driving years ago because of the problems in her legs and her medication made driving unsafe. Id. at 62. It is doubtful plaintiff's reported activities conflict with her complaints of pain and limitations, and under Thompson, they are the type of minimal activities that do constitute substantial evidence that a person is not suffering from disabling pain. Moreover, plaintiff's failure to complain about the side effects of her medication is the type of evidence that

might undercut a plaintiff's credibility, but on its own constitutes only a "mere scintilla of evidence."

Because the ALJ's credibility determination is not supported by substantial evidence, the Commissioner's decision denying plaintiff's application for disability benefits should be reversed and remanded. On remand, the ALJ should reassess plaintiff's credibility regarding her reported pain and limitations, focusing particularly on the <u>Hargis</u> factors, and closely and affirmatively link his findings to substantial evidence in the record.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 18) is **accepted** as to the obesity finding and **rejected** as to the ALJ's credibility determination. The Commissioner's decision denying plaintiff's application for disability benefits is **reversed and remanded**. A separate judgment is entered herewith.

**DATED** this 14th day of February, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE